STOULIG, Judge,
dissenting.
I respectfully dissent.
La.Const. Art. 5, § 10(B) requires this court to review facts and law.
In this case there are two possible results I could reach in good conscience: (1) reducing quantum to a nominal award on a finding that plaintiffs possibly suffered inconsequential injury; or (2) affirming on liability but making no damage award because the plaintiffs evidence is not credible. The first approach requires our explaining why Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), and that line of jurisprudence is not applicable, the second requires an application of the exception to the manifest error *595 rule recently explained in Canter v. Koehring Company, 283 So.2d 716 (La.1973).
I prefer the result denying recovery because it is evident from the record that five claimants have been run through assembly-line type medical treatment to either create or exaggerate soft tissue back and spine injury claims. Every judge on this panel has been impressed by the marked similarities in the complaints and course of treatment of all five, specifically in that:
1. All have soft tissue injuries.
2. None consulted treating physicians known to them prior to the accident.
3. All were referred to Dr. Sam Macalu-so by the attorney who represents them all.
4. All consulted Dr. Macaluso on April 5, 1974, the date of the accident.
5.' All had 30 diathermy treatments.
6. None were x-rayed.
7. All were discharged the same day, July 19, 1974.
I do not believe this similarity is coincidental. My suspicion does not rest on the evaluation of the testimony of one witness. When I review this record, I cannot conjure up any reasonable circumstances or conclusions upon which the trial judge may have based his result. I do not propose to substitute my own theory with an opposite one, equally reasonable, reached by the trial judge. Instead, I point out there is only one obvious conclusion, i.e., that the courts have been cynically used to reward opportunists attempting to capitalize on an accident with a General Motors approach to building a claim of medical evidence. Thus I fall within the exception to the general rule I now quote from Canter:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” 283 So.2d at 724.
The key to Canter is reasonableness. An appellate court should not substitute an opposite factual conclusion that might be equally reasonable or a shade more reasonable. However this does not mean that Canter requires us to abdicate our constitutionally conferred jurisdiction to review factual findings and/ or damage awards. Where the result is manifestly wrong and/or where quantum is greatly excessive or inadequate, we should modify a judgment. It making this observation I am aware of the rebuke of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), as to quantum modification by appellate courts.
Yet the facts in this case demand these plaintiffs should not be rewarded for their deceit. The accident could have produced these injuries. Conceding this I could agree to a nominal award of $200 and point out, percentagewise, the reduction is sufficiently significant to fall within an exception to Gaspard.
Plaintiffs must prove their claims with credible evidence. Viewed in the light most favorable to plaintiffs, they were slightly injured and they attempted to exaggerate the extent of their damage rather than to simulate injuries that were nonexistent. On this basis I could award $200 per plaintiff.